STATE OF NORTH CAROLINA v. THEODORE C. WASHINGTON

No. 8112SC1269

(Filed 15 June 1982)

**1. Criminal Law § 66.15— independent origin of in-court identification**

Any suggestiveness of a post lineup conversation between the prosecuting witness and an officer in a prosecution for rape and kidnapping did not taint her in-court identification, and the trial court properly found it to be of independent origin where the witness had ample opportunity to observe the defendant and where the witness gave a general, but accurate, description of the defendant to the police along with his correct nickname. Nor did the fact that the prosecuting witness gave a tentative pretrial identification render the in-court identification inadmissible.

**2. Criminal Law § 34.3— evidence of another crime properly excluded**

The trial court did not err in failing to declare a mistrial after evidence regarding the commission of another crime was elicited since the trial court immediately sustained an objection and ordered the jury not to consider the evidence.

APPEAL by defendant from *Lee, Judge.* Judgment entered 23 March 1981 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 6 May 1982.

Defendant was charged with second degree rape, kidnapping and common law robbery. From his conviction of and imprisonment for second degree rape and kidnapping, the defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Stephen F. Bryant, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Ann B. Petersen, for defendant appellant.*

BECTON, Judge.

The defendant brings forth three arguments on this appeal: (1) that the trial court erred in refusing to suppress the in-court identification of the defendant; (2) that the defendant was deprived of his right to a fair trial as a result of improper questions and arguments by the prosecutor; and (3) that the trial court erred in failing to instruct the jury that a verdict of guilty of the offense of kidnapping required unanimity as to at least one of the alternative means for committing that offense. We find no prejudicial error in this case.

I

The State's evidence tended to show the following. The prosecuting witness, upon running out of gas on Interstate 95 (I-95), proceeded to walk to a nearby motel hoping to find a gas station open. Being unsuccessful in that endeavor, she decided to walk along I-95 in a southerly direction. She noticed that a 1974 Cadillac was slowing down in the opposite lane of travel and that afterwards two men got out to push the car. She went over and spoke to the men pushing the vehicle, whereupon she found out that they, too, had run out of gas and were going to push the vehicle to Fayetteville. She offered to help push if the men would give her a ride back to her van with some gas. After a short while the prosecutrix changed places with the man who had been steering the car. She steered and he assumed the position she had maintained at the center of the trunk of the car. After approximately an hour of pushing, they arrived at a gas station in Fayetteville where the prosecutrix bought gas for the car and for her van. All four individuals then got into the car. Instead of returning to I-95, the driver of the car proceeded to drive through the City of Fayetteville until he reached a run-down, dead end street. There, the three men proceeded to rape the prosecutrix and rob her of her rings and the contents of her wallet.

The incident was reported to the Fayetteville Police Department which undertook an investigation of the crime and later arrested the defendant. The prosecutrix was asked to view a pre-trial line-up which included the defendant. After viewing the line-up for approximately five to ten minutes, she indicated that one of the men who raped her was the defendant. She indicated that she was not positive, however. After the line-up she inquired

of Officer Sessoms, who was present during the line-up, how she had done and if she had picked the one who had been arrested. The officer indicated that she had.

Prior to trial, the trial court entertained a motion to suppress the in-court identification of the defendant. Testimony by the prosecutrix and Officer Sessoms was admitted. After making findings of fact, including one regarding the post line-up conversation between the prosecutrix and Officer Sessoms, the trial court denied the motion.

## II

[1] It is well settled that a defendant is entitled to a line-up free of impermissible suggestions regarding his identity. *Manson v. Brathwaite*, 432 U.S. 98, 53 L.Ed. 2d 140, 97 S.Ct. 2243 (1977). The defendant admits that the line-up itself was not unduly suggestive or prejudicial. He maintains, however, that the post line-up conversation between Officer Sessoms and the prosecutrix was unduly suggestive and "a sufficient influence on her that she made an unequivocal in-court identification of the defendant at the motion [to suppress] hearing" whereas her identification at the line-up was tentative. He further argues that on the authority of *State v. Harren*, 302 N.C. 142, 273 S.E. 2d 694 (1981), that the in-court identification should have been suppressed. We do not agree, and we find no prejudicial error.

Even if a pretrial identification process is unduly suggestive, suppression of in-court identification is not required if the in-court identification is independent of the suggestive procedure and thus untainted by it. *Manson v. Brathwaite; Neil v. Biggers*, 409 U.S. 188, 34 L.Ed. 2d 401, 93 S.Ct. 375 (1972); *State v. Clark*, 301 N.C. 176, 270 S.E. 2d 425 (1980). After a determination that a pretrial line-up is impermissively suggestive, courts balance the following five factors to determine if the taint has been purged:

[1] the opportunity of the witness to view the criminal at the time of the crime;

[2] the witness' degree of attention;

[3] the accuracy of the witness' prior description of the criminal;

[4] the level of certainty demonstrated by the witness at the confrontation; and

[5] the length of time between the crime and the confrontation.

409 U.S. at 199-200, 34 L.Ed. 2d at 411, 93 S.Ct. at 382.

It is not difficult to imagine instances in which police intimations of or confirmations of a witness' selection of a suspect would be unduly suggestive. *See Commonwealth v. Lee*, 215 Pa. Super. 240, 257 A. 2d 326 (1969). The prosecutrix, when questioned about the post line-up conduct stated that Officer Sessoms' conduct only reinforced what she had in her own mind. Indulging the inference that Officer Sessoms' conduct was suggestive, we now examine the trial court's order to see if it considered the above factors in determining whether to suppress the in-court identification.

After making ample findings of fact the trial court made the following conclusions of law:

1. That there was ample opportunity for [the prosecuting witness] to observe the defendant at the time of the commission of the crimes with which he is charged;

2. That from evidence offered there is nothing to indicate that any suggestions were made by the investigating officers or anyone else to [the prosecuting witness] which would color her identification on January 24, 1980 of the defendant made at the in-person line-up;

3. That the Court has viewed State's Exhibit Number One, a photograph of the six (6) individuals who were in the in-person line-up, which was conducted on January 24, 1980, and the line-up was in all respects fair and reasonable, and presented six (6) black males similar to the defendant in age, height and weight, all wearing the same or identical items of clothing and did not in any manner distinguish the defendant from the other individuals standing in the line-up;

4. That the in-court identification of the defendant is of independent origin based solely on what [the prosecuting witness] saw at the time of the crime and does not result from any out of Court confrontation or from any other pretrial identification procedures which were conducive to

lead to irreparable mistaken identification to the extent that the defendant would be denied due process of law;

5. That the in-court identification of the defendant by [the prosecuting witness] is based upon her own independent observations of the defendant, and is not based upon any improper out of Court identification procedure, and is not in violation of any rights of privileges guaranteed to the defendant by the laws or constitutions of the United States or the State of North Carolina.

Our *Neil v. Biggers* analysis convinces us that any suggestiveness of the post line-up conduct was purged. The prosecutrix had ample opportunity to observe the defendant. At numerous points during her direct and cross examination she described times when she observed the defendant under lighted conditions. One of the times that she observed him was at the gas station at a point in time when she had no other real diversions. The evidence does not show that at this time her attention was diverted or distracted. On another occasion during the rape, the prosecutrix also had the opportunity to observe the defendant free from any distractions. Although the description given to the policemen by the prosecutrix was general, the prosecutrix gave the police nicknames to which the defendant responded. She described him as a nineteen to twenty-three year-old black male weighing approximately 160 pounds with no facial hair, who answered to a nickname "Triny, Tino or Teenie—something like that." In fact, the defendant was a 21-year-old, 5 feet seven inch black male who answered to the nickname Tino. It is apparent to us that the trial court considered the *Neil v. Biggers* factors in reaching its decision. Its decision is supported by the facts, and we find no error.

We also reject the defendant's argument that because the prosecutrix's pre-trial identification was tentative, only evidence regarding the pre-trial identification should have been submitted. In *State v. Harren*, our Supreme Court upheld the trial court's suppression of the in-court identification by the eleven-year-old prosecuting witness who (1) could not positively identify the defendant at a pretrial line-up; (2) only saw defendant in a poorly lit bedroom for a short time; and (3) had very little opportunity to observe the defendant. This case is distinguished from *Harren* in

that the prosecutrix here had ample opportunity to observe the defendant having been in his presence for three to four hours and at times under well-lighted conditions.

Further, we see no error in the admission of the in-court identification in view of the fact that the jury was presented with evidence of the tentative pretrial identification through the direct and cross examination of the prosecutrix and through the direct and cross examination testimony of Officer Sessoms. The jury was also presented with evidence that the prosecuting witness was unable to pick out the defendant's voice from a voice identification test. As the Court stated in *Harren*, "[t]he identification . . . was relevant and its tentative nature went to the *weight* that the jury might place upon it and not to its admissibility." 302 N.C. at 149, 273 S.E. 2d at 698 (emphasis in original).

### III

[2]  The defendant next argues that the trial court erred when it failed to declare a mistrial after evidence regarding the commission of another crime by the defendant was elicited. We find no error since the court immediately sustained the objection and ordered the jury not to consider the evidence. *See State v. Robbins*, 287 N.C. 483, 487-89, 214 S.E. 2d 756, 760-61 (1975), *death sentence vacated*, 428 U.S. 903, 49 L.Ed. 2d 1208, 96 S.Ct. 3208 (1976).

### IV

We also find no merit in defendant's argument that closing arguments by the prosecutor denied him a fair trial.

We have reviewed the defendant's remaining argument carefully, and we find it to be without merit.

For the foregoing reasons, in the trial below we find

No error.

Judge HEDRICK and Judge HILL concur.