**246**

Jimmy Marion CARTER,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 15198.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 5, 1988.

Motion for Rehearing or to Transfer
to Supreme Court Denied
Jan. 22, 1988.

Application to Transfer Denied
March 15, 1988.

David E. Woods, Poplar Bluff, for movant-appellant.

William L. Webster, Atty. Gen., Jared Cone, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Presiding Judge.

Jimmy Marion Carter appeals from the denial, after evidentiary hearing, of his motion to vacate a sentence of 22 years' imprisonment imposed after his conviction for the crime of first degree robbery, which conviction was affirmed on direct appeal. *State v. Carter*, 691 S.W.2d 417 (Mo.App. 1985). We affirm.

In his motion to vacate, Carter alleged his trial counsel was ineffective for failing to file a motion to dismiss the robbery charge because the state of Missouri failed to bring the case to trial within 120 days after Carter, who had been confined in a Florida prison on unrelated charges, was returned to Missouri, at the state's request, to stand trial. Carter claimed that such failure was a violation of § 217.490, Art. IV, para. 3, RSMo 1986, titled "Agreement on Detainers," and that such violation mandated dismissal. He also contended the trial judge lost jurisdiction after the 120 day period lapsed and, therefore, his trial and ensuing conviction were nullities.

An evidentiary hearing was held, after which the hearing court made findings of fact and conclusions of law and entered judgment denying relief. The hearing court found that Carter learned of the 120 day rule in February of 1984, and that after becoming aware of the rule, requested that his trial setting be delayed until May 17, 1984, which date was well beyond the 120 day limitation. From these facts, the hearing court concluded that Carter had waived the protection of the 120 day rule, and that since the trial delay was sought by Carter, his trial counsel was not ineffective for failure to file a motion to dismiss based on lack of a speedy trial.

On appeal, Carter claims the hearing court's findings and conclusions are not supported by the evidence, and that the hearing court failed to rule on his claim that the 120 day rule was inflexible and jurisdictional.

Our review is limited to a determination of whether the findings, conclusions, and judgment of the hearing court are clearly erroneous. Rule 27.26(j).[1] Carter had the burden of establishing his grounds for relief by a preponderance of the evidence. Rule 27.26(f).

In regard to Carter's claim that the evidence was insufficient to support the findings, conclusions, and judgment of the motion court, we keep in mind that credibility of witnesses is a matter for the hearing court's determination, *Black v. State*, 723 S.W.2d 474, 475 (Mo.App.1986).

Section 217.490, Agreement on Detainers, Art. IV, provides that where prosecuting officials of a receiving state request authorities in a sending state to make available for trial a prisoner who is incarcerated in the sending state, trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state. It also allows "for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance." Delay of a prisoner's trial occasioned by his own affirmative acts, which would include requesting or acquiescing in a request for a continuance, tolls the time limitations imposed by the detainer act. *State v. Smith*, 686 S.W.2d 543, 547 (Mo.App.1985).

Carter was returned to Missouri from Florida on October 18, 1983. If he had not requested trial delay, the 120 day limitation period would have been reached on February 15, 1984, and Carter, would have been entitled to dismissal. However, Carter, on two occasions after February 15, 1984, knowing that the 120 day rule existed, requested further continuances of the case.

On December 28, 1983, Carter was arraigned on the robbery charge. During a discussion concerning a trial date, the following exchange between Carter, his attorney, Mr. Reynolds, and the court occurred:

Mr. Reynolds: This defendant is in jail, but he is also serving some time elsewhere, so we feel the interest of the defendant would not be prejudiced at all—

The Court: You mean his jail time is being credited toward a sentence elsewhere, and therefore a postponement of a trial will not prejudice him in any way, since he is receiving credit elsewhere?

Mr. Reynolds: That's correct; and we have some decisions to make as to whether we can continue as his paid counsel in this matter, so to give him time. Jimmy, I would think at least after March 1, would that be fair enough?

The Defendant: Yes, that would be fair.

The Court: March 22nd?

Mr. Reynolds: That's fine.

The Defendant: Yes, sir.

Carter seeks to blunt his argument to the extension of a trial date by saying he did not know of the 120 day rule at that time. However, he admits that he did learn of the rule in late February of 1984, and discussed it with his attorney, Mr. Reynolds, on March 3 or 4. Carter again appeared before the trial court on March 14, which was almost a month after the expiration of the 120 day statutory period, at which time the following discussion took place:

[Mr. Reynolds]: [W]e had originally filed before this date a Motion to Withdraw as Mr. Carter's counsel. In talking with him today, he wishes me to not present that motion, but to give him two weeks or until the next law day to consider his alternatives, which would be relevant to whether or not I would have to withdraw; that is, whether he would choose to enter a plea of not guilty or plea of guilty. Therefore, I would ask the case be continued to the next law day.

The Court: You are also asking the case be removed from its trial setting of March 22nd, are you not, because inherent in your request is the fact the trial is set for March 22nd.

Mr. Reynolds: Yes, Your Honor.

The Court: Because the next law day is March 28th, and that is past that trial date.

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

Mr. Reynolds: And that is at the defendant's request, understanding his right to a speedy trial.

The Court: Mr. Carter, you have heard the statement of your attorney, he has asked that the case be taken off of its setting of March 22nd and reset for a later date. Do you have any objection to that?

The Defendant: No, Your Honor.

The Court: He has filed a Motion to Withdraw as your attorney. He has asked me to delay that for two weeks. Do you have any objection to that?

The Defendant: None.

The Court: Upon motion of the defendant, the case is removed from its trial setting of March 22nd, 1984, and continued, and the Court finds that the interest of the defendant in more time to prepare for trial exceeds the interest of the State and the interest of the defendant in a speedy trial....

The trial court then set March 28, 1984, as a trial date. On March 28, Carter and his attorney appeared before the trial court. Attorney Reynolds stated his fee had been paid, and that he would represent Carter at trial, but that he needed an additional 30 days to prepare for trial. The following discussion between Carter and the trial court then occurred:

The Court: Mr. Carter, you have heard this discussion. Because of several things, none of which the Court had anything to do with, this case has been continued for various reasons. In this Court you can get a speedy trial, this is one Court you can be tried the next day, and I'm prepared to set this case for trial tomorrow or Friday. On the other hand, I am willing to set it on May 17th as your attorney wishes. If you want it set before May 17th, now is the time to tell me.

The Defendant: Your Honor, May 17th is satisfactory.

The Court: Is that satisfactory with you?

The Defendant: Yes, sir.

The Court: Mr. Carter, do you understand in agreeing that May 17th is satisfactory, you are waiving any right you have to complain that you are not getting a speedy trial, do you understand that?

The Defendant: Yes, sir.

The Court: And are you willing to waive that claim?

The Defendant: Yes, sir.

Carter's answers to the court's questions during his court appearances on March 14 and March 28, 1984, which were made *after* Carter was aware of the 120 day rule, conclusively establishes that Carter knowingly and voluntarily waived any claim to a speedy trial that he might have had under the 120 day rule provisions. See *Russell v. State*, 624 S.W.2d 176 (Mo.App.1981), which case is similar on the facts to the case at bar. Since Carter waived the protection of the rule, after being aware of it and discussing it with his lawyer, trial counsel could not be ineffective for failing to raise the issue with the trial court, as there was no issue to raise.

Carter's claim that the 120 day rule is absolute and that if, for any reason, a prisoner is not tried within 120 days after he is received by the requesting state, the court has no jurisdiction to proceed, has no basis in law. As stated above, protection of the rule can be waived, and was waived in this case.

The findings, conclusions, and judgment of the motion court are supported by substantial evidence, and are not clearly erroneous.

Judgment affirmed.

CROW, C.J., and HOLSTEIN, J., concur.