**STATE of Missouri, Appellant,**

v.

**Jeffrey L. GALVAN, Respondent.**

No. 16647.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 11, 1990.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for appellant.

Ted M. Henson, Jr., Poplar Bluff, for respondent.

CROW, Judge.

■ The trial court dismissed a five-count felony information against defendant Jeffrey L. Galvan because he was not brought to trial within 180 days after requesting disposition of the charges per the "Uniform Mandatory Disposition of Detainers Law," §§ 217.450–.485, RSMo 1986.[1] The state appeals per § 547.200.2, RSMo 1986.[2]

The state presents one point relied on; it reads:

"The trial court erred in dismissing the charges ... based on the state's alleged failure to bring the defendant to trial within 180 days of receipt of [defendant's] request for speedy trial pursuant to § 217.460 because the record clearly demonstrates that the delay in the case was occasioned by the defendant's affirmative action, and thus the statute was effectively tolled and the 180–day period had yet to expire when the court dismissed the charges."

---

1. Sections 217.450–.475, RSMo 1986, were repealed effective August 28, 1989, by H.B. 408, Laws of Missouri, 1989, pp. 677–712, and replaced by new sections identically numbered. The result of this appeal is the same under either the 1986 or 1989 versions.

2. Section 547.200.2 reads: "The state, in any criminal prosecution, shall be allowed an appeal ... except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant...." In *State v. Brown,* 722 S.W.2d 613, 616 (Mo.App.1986), the Western District of this Court held the state may appeal per § 547.200.2 from an order dismissing an indictment because an accused's federal and state constitutional rights to a speedy trial

had been violated. In *State v. Coor,* 740 S.W.2d 350, 352–55 (Mo.App.1987), this District held the state may appeal per § 547.200.2 from an order dismissing certain counts of an information on the ground they were barred by limitations. In *State v. Reed,* 770 S.W.2d 517, 519–20 (Mo.App. 1989), the Eastern District of this Court held the state could appeal per § 547.200.2 from an order dismissing an indictment if the issue of the accused's guilt was not thereby determined. In the instant case, defendant does not question the state's right to appeal. As the trial court did not determine whether defendant was guilty, the outcome of this appeal cannot "result in double jeopardy for the defendant." Accordingly, we hold the state may appeal. *See: State v. Knox,* 697 S.W.2d 261, 262 (Mo.App.1985).

We address only the above point,[3] confining our recital of the facts to those essential for that purpose.

On August 6, 1988, defendant was a sentenced prisoner in the custody of the Department of Corrections and Human Resources, assigned to St. Mary's Honor Center, a "halfway house" in St. Louis. He left the facility that date and went to Doniphan, where he was arrested after allegedly committing a series of crimes.

The next day the prosecutor filed a five-count felony complaint. A warrant was issued—and presumably served—and bond was set at $75,000.

On August 10, 1988, defendant appeared with an assistant public defender before an associate circuit judge in Ripley County. The judge set the preliminary examination for August 17, 1988.

On August 17, 1988, defendant and his lawyer, together with the prosecutor, appeared before the same judge. On motion by the prosecutor, and without objection by defendant, the preliminary examination was rescheduled for September 7, 1988.

On August 31, 1988, defendant filed a motion for a psychiatric examination. The motion was sustained September 7, 1988.

The chronology of the ensuing events has been gleaned from the legal file and the transcripts of two hearings.[4]

On September 12, 1988, a Ripley County deputy sheriff took defendant from the Ripley County jail to the Fulton Reception and Diagnostic Center. Defendant was delivered from there to the Missouri Training Center for Men at Moberly on October 6, 1988.

On October 12, 1988, defendant's lawyer filed a motion to withdraw the motion for psychiatric examination.

On a date unclear in the record, but no later than October 17, 1988, defendant sent a letter to one Ed Kimbrough of the "records section" at the Moberly institution. Defendant's letter inquired whether there were any detainers on file against him there. As there was no certified copy of the Ripley County warrant at the institution, Kimbrough, on October 17, 1988, responded: "No detainers on file."

Also on October 17, 1988, defendant's lawyer filed in the Associate Division of the Circuit Court of Ripley County a "Request for Speedy Trial," citing § 545.780, RSMo 1986, and the Sixth Amendment to the Constitution of the United States.

On October 19, 1988, the prosecutor and defendant's lawyer appeared before the associate circuit judge. Defendant's motion to withdraw his motion for psychiatric examination was granted.

On October 26, 1988, the judge set the preliminary examination for November 23, 1988.

On November 10, 1988, defendant filed in the Associate Division of the Circuit Court of Ripley County a pro se "Motion to Request Fast and Speedy Trial." The motion requested prompt disposition of the charges and cited, among other things, § 217.460, RSMo 1986, a part of the Uniform Mandatory Disposition of Detainers Law ("UMDDL"). Section 217.460 provided:

> "Within one hundred eighty days after the receipt of the request and certificate

**3.** The state, in a footnote in the argument portion of its brief, asserts defendant's request for disposition "was improper and ineffective in triggering" § 217.460 in that defendant sent the request directly to the court and the prosecutor instead of the Director of the Division of Adult Institutions as required by § 217.455. This contention does not appear in the state's point relied on which, in maintaining the 180-day period was tolled by defendant's affirmative acts and had not yet expired when the trial court dismissed the information, tacitly concedes the period was triggered by defendant's request for disposition. Appellate review will be made only of matters raised in the points relied on in the brief. *Watkins v. State,* 785 S.W.2d 767, 774 n. 2 (Mo.App.1990); *State v. Hanson,* 587 S.W.2d 895, 903[19] (Mo.App.1979); *State v. Hodges,* 575 S.W.2d 769, 773[8] n. 1 (Mo.App.1978). Additionally, defendant's brief addresses only the issues raised by the state's point relied on. Defendant was not required to—and did not—address the question whether his request for disposition triggered § 217.460. We therefore decline to consider that subject.

**4.** The hearings occurred October 17 and 30, 1989.

by the court and the prosecuting attorney or within such additional necessary or reasonable time as the court may grant, for good cause shown in open court, the inmate or his counsel being present, the indictment, information or complaint shall be brought to trial. The parties may stipulate for a continuance or a continuance may be granted if notice is given to the attorney of record with an opportunity for him to be heard. If the indictment, information or complaint is not brought to trial within the period, no court of this state shall have jurisdiction thereof, nor shall the untried indictment, information or complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice."

The prosecutor admittedly received a copy of defendant's pro se motion of November 10, 1988.

Explaining why he sent the motion directly to the court and the prosecutor instead of through corrections officials,[5] defendant said he was told by Kimbrough that because there was no detainer on file, defendant would have to file the motion on his own.

Defendant was brought from Moberly to Ripley County on November 23, 1988, and the preliminary examination was held. The associate circuit judge found probable cause to believe defendant had committed the five felonies with which he was charged. Defendant was bound over to appear December 5, 1988, before the circuit judge.

On November 30, 1988, defendant filed an application for change of judge and change of venue.

The prosecutor filed the information December 1, 1988.

On December 5, 1988, defendant, his lawyer, and the prosecutor appeared before the circuit judge, Honorable Rex A. Henson. Defendant's application for change of judge was granted. The circuit clerk was directed to notify the Supreme Court of

Missouri and request assignment of a judge to rule on defendant's application for change of venue.

On December 14, 1988, the Supreme Court of Missouri assigned a circuit judge from another judicial circuit to rule on defendant's application for change of venue. A hearing on that matter was conducted January 18, 1989. The application was granted and the case was sent from Ripley County (Judicial Circuit 36) to Wayne County (Judicial Circuit 42). Defendant, who had been in the Ripley County jail since the preliminary examination, was taken to the Wayne County jail the date the change of venue was ordered. The original file was received in Wayne County January 20, 1989.

On January 26, 1989, defendant's lawyer filed a "Request for Speedy Trial" wherein defendant declared himself "ready for trial" and requested a speedy trial per § 545.780, RSMo 1986, and the Sixth Amendment to the Constitution of the United States.

The next activity occurred March 3, 1989, when defendant, his lawyer, and the prosecutor appeared before a circuit judge of Circuit 42. The case was "passed" to March 21, 1989, for "further proceedings" before the other circuit judge of Circuit 42.[6] On March 21, 1989, the latter judge set the case for trial May 19, 1989.

On April 13, 1989, defendant's lawyer filed a motion "to suppress the in and out-of-court identifications of defendant."

On May 1, 1989, defendant's lawyer filed an application for continuance averring defendant needed time to arrange for the presence of witnesses on the motion to suppress, some of whom were in the penitentiary. The motion stated that although defendant was in custody he had no objection to a continuance, and that he was ready for trial and willing to try the case whenever the court designated.

The application for continuance was heard the day it was filed (May 1, 1989).

5. Footnote 3, *supra.*

6. There are two circuit judges in Judicial Circuit 42. § 478.715, RSMo 1986.

Defendant, his lawyer, and the prosecutor appeared. The court's docket entry reads:

"... The Court takes up the Defendant's Application for Continuance and sustains the same. Cause taken off setting for trial May 19, 1989 and cause passed to July 3, 1989 for setting."

The next significant docket entries are:
"7–3–89   Cause set for trial Dec. 18, 1989.

7–10–89   Assigned to Ted M. Henson Jr.

7–24–89   Assigned to the Hon. A. J. Seier."

On October 17, 1989, Circuit Judge A. J. Seier conducted a hearing in the Circuit Court of Wayne County. The Ripley County prosecutor was present. Defendant appeared with lawyer Ted M. Henson, Jr.

At the start of the hearing defendant stated, "I got left with no counsel." According to defendant, the assistant public defender who had represented him since the case began "got fired, she married a convict." Defendant also said he did not understand how Judge Seier got assigned to the case.

Judge Seier explained he was asked by the Supreme Court of Missouri to accept assignment because the Supreme Court was led to believe defendant wanted a speedy trial and he (Seier) could try the case before December 13, 1989. Judge Seier stated he had set the trial for October 30, 1989.

This colloquy ensued:

"[Defendant]: Your Honor, that was back when I had an attorney that knew the case. It wouldn't be in my best interest to go with a speedy trial issue. I would almost have to use that 180 day rule waiver, where you can waive the 180 day rule to give your attorney time to research it....

I don't know this man, this man is the prior judge's cousin, I believe he told me, uncle, or other close kin. Judge Henson out of Doniphan, is this man's cousin. I fear this man.

....

The Court: I'm trying to find out what exactly you want me to do?

[Defendant]: Waive the 180 day rule and give me time to get appointed counsel or I'll hire one. I will get my family to hire one...."

Judge Seier stated lawyer Henson was appointed by the Public Defender Commission because defendant's other lawyers "withdrew for [one] reason or another."

After further discussion Judge Seier stated he would continue the case to October 30, 1989. The judge instructed defendant to notify him by October 25, 1989, whether defendant's family had succeeded in hiring a lawyer for defendant. If they had, said the judge, he would release lawyer Henson from the case. The judge also stated that any motions which did not require testimony would be taken up October 30, 1989.

On October 30, 1989, the Ripley County prosecutor, defendant, and lawyer Henson appeared before Judge Seier in Wayne County. Sundry motions were argued, including defendant's pro se motion of November 10, 1988, for disposition of the charges within 180 days as required by the UMDDL.

Judge Seier pointed out that almost 15 months had elapsed since defendant's arrest. The prosecutor responded that he had attempted to get a trial setting for August, 1989, but the Circuit 42 judge's only available date was in December.

After noting that the record contained no findings that the delays were for good cause, Judge Seier dismissed the information "for failure to grant speedy trial pursuant to [§ ] 217.460 RSMo [1986]." [7]

Our first task is to identify the date on which defendant invoked the UMDDL. Judge Seier, as we comprehend his ruling, held that the period fixed by § 217.460

7.   Defendant's original lawyer, it will be recalled, filed requests for speedy trial on October 17, 1988, and January 26, 1989, citing § 545.780, RSMo 1986, and the Sixth Amendment to the Constitution of the United States. Judge Seier declined to dismiss the information on those grounds.

began running November 10, 1988, the day defendant filed his pro se request for speedy trial.

The state, in its brief, starts counting days November 10, 1988. Defendant's brief states the UMDDL was triggered by his pro se request filed November 10, 1988. Accordingly, we shall proceed on the premise that the UMDDL was activated November 10, 1988.

In doing so, we are mindful that the felony information was not filed until December 1, 1988. However, the Supreme Court of Missouri squarely held in *State ex rel. Kemp v. Hodge*, 629 S.W.2d 353, 356–60 (Mo. banc 1982), that a proper request for disposition under the UMDDL starts the 180–day period running even though the case is pending only on a felony complaint and no preliminary examination has yet been held.

■ Having made our way this far, we next determine that defendant abandoned the UMDDL October 17, 1989, the day he told Judge Seier he wanted to waive the 180–day rule and be allowed time to obtain counsel other than lawyer Henson. *Carter v. State*, 745 S.W.2d 246, 247–48 (Mo.App. 1988); *State v. Smith*, 686 S.W.2d 543, 547–48 (Mo.App.1985); *Russell v. State*, 624 S.W.2d 176, 179 (Mo.App.1981).

■ According to our arithmetic, October 17, 1989, was day number 341 following November 10, 1988.[8] It is thus evident that unless at least 162 of these 341 days are excludable under the UMDDL, Judge Seier was correct in dismissing the information.

Generally, any delay of an accused's trial resulting from his affirmative action is excludable. *Smith*, 686 S.W.2d at 547 (applying the interstate Agreement on Detainers, § 217.490, RSMo Supp.1984); *Cf. Murphy v. State*, 777 S.W.2d 636, 638 (Mo.App. 1989); *Russell*, 624 S.W.2d at 179.

■ Defendant concedes the delay resulting from his application for change of judge and change of venue is excludable. As reported earlier, defendant filed the application November 30, 1988. The change of judge was ordered December 5, 1988. The change of venue was ordered (by the circuit judge assigned December 14, 1988) on January 18, 1989. The change of venue was completed when the original file was received in Wayne County January 20, 1989. Defendant makes no contention that the delay from November 30, 1988, to January 20, 1989, was inordinate. Employing the method of computation mentioned earlier,[9] this amounts to 51 days.

■ After the file was received in Wayne County the case lay dormant until March 21, 1989. On that date the case was set for trial May 19, 1989.

In his May 1, 1989, application for continuance, defendant averred some of his witnesses on the suppression motion were in the penitentiary and he needed time to arrange for their presence in court.

■ If a delay is actually necessary because of a motion filed by the accused, the delay is excludable. *Smith*, 686 S.W.2d at 547–48. Defendant concedes the delay commencing May 1, 1989—the day his application for continuance was granted—is chargeable to him. He argues, however, that he should be charged with only the period from May 1 to 19, 1989.

■ We agree. The trial court did not immediately reschedule the trial upon

---

8. In *State v. Malone*, 694 S.W.2d 723, 725–26 (Mo. banc 1985), *cert. denied*, 476 U.S. 1165, 106 S.Ct. 2292, 90 L.Ed.2d 733 (1986), the trial court, in counting days under the UMDDL, evidently excluded the day the request was received. The accused did not question this on appeal and the Supreme Court of Missouri did not indicate the trial court was incorrect. *Cf. State v. Hulsey*, 646 S.W.2d 881, 883 (Mo.App.1983). We therefore count November 11, 1988, as day number 1 in the instant case, making October 17, 1989, day number 341. This is consistent with § 556.036.4, RSMo 1986, which provides that the period of limitation starts to run on the day after the offense is committed. It is also consistent with Rule 20.01(a), Missouri Rules of Criminal Procedure (1990), and holdings in other jurisdictions. *People v. Bivins*, 97 Ill.App.3d 386, 52 Ill.Dec. 835, 841, 422 N.E.2d 1044, 1050[12] (1981); *State v. Harren*, 302 N.C. 142, 273 S.E.2d 694, 696[1] (1981).

9. Footnote 8, *supra*.

granting defendant's application for continuance. No trial date was fixed until July 3, 1989, when the setting for December 13, 1989, was made. The record is bare of any explanation for the delay except that no earlier date was available on the judge's calendar. Delay resulting from a crowded docket is not good cause for extension of the 180–day period fixed by the UMDDL. *Cf. State v. Hulsey*, 646 S.W.2d 881, 882[2] (Mo.App.1983); *Smith*, 686 S.W.2d at 548[11]. We therefore exclude only 18 days because of defendant's May 1, 1989, application for continuance.

■ It is clear from the record that defendant's original lawyer had ceased representing him by July 10, 1989, the date lawyer Henson was appointed. The record supplies no clue, however, to the last date defendant was represented by his original lawyer.

The record does disclose that defendant's first face-to-face conference with lawyer Henson was October 13, 1989. Their only communication before that was one phone call.

Defendant unequivocally declared at the October 17, 1989, hearing that he feared lawyer Henson, he (defendant) wanted time for his family to hire a lawyer for him, and he did not want to go to trial October 30, 1989. Defendant complained that at his conference with lawyer Henson October 13, 1989, Henson did not have defendant's prior lawyer's file, and that defendant had "more of a file" than Henson.

It is obvious that from July 10, 1989, to October 17, 1989, defendant was not ready for trial. Indeed, he was not even ready for a hearing on his motion to suppress identification. On October 17, 1989, lawyer Henson asked that any motion requiring testimony be heard after October 30, 1989. That is why Judge Seier stated that only motions requiring no testimony would be heard October 30, 1989. Additionally, at the October 17 hearing defendant sought a list from the Doniphan Police Department naming all jail inmates from August 6, 1988, to January 18, 1989. Defendant claimed some of them had overheard pertinent statements by certain peace officers.

Time during which an accused is not ready for trial is excluded from the period during which he is required to be tried under § 217.490, RSMo 1986, the "Agreement on Detainers." *Carter*, 745 S.W.2d at 248. *Cf. Murphy*, 777 S.W.2d at 638, where a 119–day period required to obtain new counsel for an accused was excluded under the UMDDL, and *State v. Patterson*, 741 S.W.2d 298, 300 (Mo.App.1987), where delay to allow an accused to obtain counsel and to permit counsel to become familiar with the case was not charged against the state.

In the instant case it would be ludicrous to allow defendant to claim the benefit of the UMDDL during a period when he was demonstrably unprepared for trial. While the reason for the lack of a meeting between defendant and lawyer Henson from July 10, 1989, to October 13, 1989, does not appear in the record, it is clear the state is blameless. We therefore hold that the period from (and including) July 10, 1989, to (and including) October 17, 1989, is excludable under the UMDDL. This amounts to 100 days.

We thus have excludable periods of 51, 18 and 100 days, a total of 169. We determined earlier that unless there were at least 162 excludable days defendant was entitled to dismissal of the information. As there are 169 we hold the 180–day period fixed by § 217.460 had not run on October 17, 1989, when defendant waived the UMDDL.

The trial court's order of October 30, 1989, dismissing the information for violation of the UMDDL is reversed and the case is remanded.

MAUS, P.J., and PREWITT, J., concur.