**STATE of Missouri, ex rel., Robert BASS, Relator,**

v.

**The Honorable Fred RUSH, Judge of the Circuit Court of Lincoln County, Missouri, Division No. 1, Respondent.**

No. 62988.

Missouri Court of Appeals, Eastern District, Writ Division Five.

Feb. 9, 1993.

KAROHL, Chief Judge.

We issued a Preliminary Writ in Prohibition to examine whether Respondent Circuit Judge has jurisdiction to hear State v. Robert Bass, Cause No. CR192–85FX in the Circuit Court of Lincoln County. The question to be answered is whether the court lost jurisdiction for failure to bring Relator to trial within the time allowed by § 217.460 RSMo Cum.Supp.1992. Relator, Robert Bass, requested final disposition of an information filed on February 5, 1992, charging the Class C felony of stealing. We find the court lost jurisdiction on October 10, 1992, 180 days after Relator invoked the provisions of §§ 217.450 through 217.460 RSMo Cum.Supp.1992. Therefore, we make the Provisional Writ of Prohibition absolute.

With one exception, the basic facts are not in dispute. On the date the information was filed, Relator was confined in a Department of Corrections facility, serving a three year sentence for the offense of assault, second degree.[1] On April 13, 1992, Relator complied with the provisions of § 217.450 requesting final disposition of the information. Neither Relator nor the public defender, appointed by the court to represent Relator, ever requested or expressly consented to a continuance of any proceeding that would extend the 180 days. The one question of fact in dispute is the effect of Relator's execution on May 13, 1992, of an "Application and Affidavit for Public Defender Services."

Respondent does not dispute an interpretation of § 217.460 that generally, any delay of an accused's trial resulting from defendant's affirmative action is excludable. See State v. Galvan, 795 S.W.2d 113, 118 (Mo.App.1990). The prosecuting attorney, as counsel for Respondent, contends preparation and filing of the application and affidavit by Relator was an affirmative act resulting in a delay of the proceedings from May 13, 1992, to June 24, 1992. Relator did fill out and sign the

Curtis Crow, Asst. Public Defender, St. Charles, for relator.

G. John Richards, Pros. Atty., Troy, for respondent.

---

1. There is some information in the record that Relator's maximum release date on the assault charge was January 14, 1993.

form when he appeared for a preliminary hearing on May 13, 1992. However, in answering the question of whether he requested the appointment of a public defender, he said, "No."

Respondent does not contend that any other act of Relator or counsel for Relator constituted an affirmative act causing delay in bringing Relator to trial. There is no claim that anything occurred after June 24, 1992, when Relator was bound over for trial, that prevented the court from holding a trial on the merits before expiration of 180 days. This is significant in the present case for two reasons. First, on May 13, 1992, Relator appeared pro se for a preliminary hearing. Relator was not bound by a duty to appear with counsel. Additionally, there is no record to support and Respondent does not contend that Relator was incapable of knowingly and intelligently waiving counsel. Therefore, he has a right to proceed pro se.

Second, the court on its own motion and without a request by defendant, appointed the public defender to represent Relator. The minutes of proceedings entered by the associate circuit judge on May 13, 1992, are as follows:

> Defendant appears in custody; State appears by James Burlison. Court reads and explains charge, penalties, and all legal rights, including right to counsel, appointed, if indigent. As defendant is imprisoned, Court hereby orders Public Defender to represent. Case is set for June 24, 1992, 9:00 a.m., for preliminary hearing. Public Defender to be notified by forwarding application, copy of charge, and copy of this Order.

We also note at the bottom of the Application and Affidavit for Public Defender Services in a space provided for use of the public defender, there is a reference to the date of May 13, 1992, and "court orders public defender to represent."

The Application and Affidavit appears to be a form addressed to the public defender. However, Relator rejected a request for appointment of the public defender. The obvious inference is Relator completed the form at the direction of the associate circuit judge before whom the complaint was pending. Because he was not requesting the appointment of counsel, the form does not constitute an affirmative act which caused a delay excludable under § 217.460 RSMo Cum.Supp.1992. Apart from the minutes of proceedings and the application, no additional record was made from which Respondent could find a May 13, 1992, request by Relator for a delay. Accordingly, the record supports only a finding that the single claimed affirmative act relied on by Respondent was not attributable and chargeable to Relator. Facts in the record allow only a conclusion that, if there was a delay, it was the result of acts of the associate circuit judge in appointing counsel and continuing the preliminary hearing on his own motion and without a request by Relator.

Respondent makes one additional argument. He contends that when Relator appeared on May 13, 1992, without counsel the state could not proceed. He assumes for that reason Relator should be charged with an affirmative act of delay consisting of the failure to appear with counsel. The argument is that defendant's negative act should be considered an affirmative act causing delay. We have observed the weakness in this position. Relator had no obligation to have counsel present. One of Relator's rights was to proceed pro se if allowed to make a knowing and intelligent waiver of the constitutional right to counsel. Within the context of an obligation to bring Relator to trial within the 180 day period the associate circuit judge had a duty to offer that option. The mere failure to appear with counsel, a negative act, which breached no duty, did not automatically become an affirmative act of delay. Accordingly, a failure to appear with counsel does not constitute an affirmative action which caused a 41 day delay in the absence of an additional finding Relator was unable or unwilling to proceed pro se.

The duties assigned by the provisions of §§ 217.450 and 217.455 are upon the Director of the Division of Adult Institutions. The duty assigned to bring defendant to trial in § 217.460 is upon the court. The

record does not support a finding that Relator failed to cooperate with the directions of the court at any time or was unavailable to proceed at any time. We find that the 41 days between the scheduled preliminary hearing on May 13 and the hearing on June 24, constituted a delay by the court. There is an absolute silence as to how and why the court did not bring Relator to trial following the preliminary hearing on June 24, 1992, and within the time allowed.

The preliminary writ in prohibition is made absolute. Respondent circuit judge is directed to enter an order dismissing the information.

GRIMM and CRANE, JJ., concur.